

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-1775
Re: Franchise tax to be paid
by corporations doing no
business within the State
under Article 7084, V.A.C.S.

We acknowledge receipt of your request for an opinion from this Department upon the following question:

"Should a corporation in Texas not doing any business and without any gross receipts pay the minimum franchise tax, or should such corporation pay a franchise tax based upon its capital stock, surplus, etc.?"

Article 7084, supra, provides that every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business shall pay to the Secretary of State a franchise tax based upon that proportion of the outstanding capital stock, surplus and undivided profits, plus the amount of outstanding bonds, notes and debentures, other than those maturing in less than a year from the date of issue, as the gross receipts from its business done in Texas bears to the total gross receipts of the corporation from its entire business.

The franchise tax is a tax on the corporate right to do business in this State and is not a tax upon the gross receipts or assets of the corporation. Therefore, a corporation cannot escape or avoid the franchise tax by inactivity. It must pay the tax whether it is actually doing business or not. Kansas City M. & B. R. Co. vs. Stiles, 26 A. L. R. 425.

So the question involved is just one of measuring

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable M. O. Flowers, Page 2

the amount of franchise tax. The Legislature of Texas has said that the amount shall be measured as provided in Article 7084, supra. The formula provided by the Legislature is very simple and the amount of taxes to be paid by such corporation is only a matter of mathematical calculation. If a corporation has done no business and has no receipts, then it certainly cannot be taxed by the formula laid down by Article 7084, supra. The Secretary of State can no more single out the corporations capital stock, surplus, etc. and levy the tax on that than can he levy the tax directly on its property. To permit the Secretary of State to deviate from the method prescribed by the Legislature would be an invasion of the legislative field and, in effect, repeal the simple and express provisions of Article 7084, supra. This the Secretary of State cannot do.

Since the franchise tax is a tax on the right to do business in this State and Article 7084, supra, provides that all corporations shall pay the tax, it is our opinion that a corporation which does no business in this State should be required to pay the $10.00 minimum provided by Article 7084, supra.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard H. Cooke
Richard H. Cooke
Assistant

RHC:N

APPROVED JAN 6, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN